JAMES DONOVAN, Respondent, *v.* THE LONG ISLAND RAILROAD COMPANY, Appellant.

*Personal injury at a railroad crossing — negligence — evidence.*

The General Term cannot reverse, on the ground of contributory negligence, a judgment in favor of the plaintiff on a verdict recovered for an injury received at a street crossing, through the alleged negligence of a railroad company, where there was some evidence of care on the part of the plaintiff, such as, that before going upon the track he looked to see whether there was any engine approaching, and whether he could see any head-light, and that he saw no light and heard no bell.

Such testimony of the plaintiff cannot, on appeal after a verdict in his favor, be disregarded as false, when the facts in the case disclose a condition of affairs under which the jury may have thought his testimony credible.

The jury have a right to find a railroad company guilty of negligence when its engine was propelled through a city street two hours after sundown, in the winter, without a head-light and without ringing a bell.

Appeal by the defendant, the Long Island Railroad Company, from a judgment, entered in the office of the clerk of Kings county on the 22d day of October, 1892, on a verdict for $2,500, in favor of the plaintiff, recovered on a trial at the circuit; and also from an

order, entered in said clerk's office on the 24th day of October, 1892, denying the defendant's motion for a new trial on the minutes.

*E. B. Hinsdale*, for the appellant.

*J. Stewart Ross*, for the respondent.

DYKMAN, J. :

This is an appeal from a judgment, entered upon the verdict of a jury, and from an order denying a motion for a new trial upon the minutes of the court.

The action is for negligence. The plaintiff was struck and injured by one of the engines of the defendant while he was crossing the tracks of the railroad in Atlantic avenue, in the city of Brooklyn, for the purpose of taking a train on that road going westward towards the city of Brooklyn.

The appellant seeks to reverse the judgment upon the ground of contributory negligence of the plaintiff. The contention being that the testimony not only failed to show the absence of negligence on the part of the plaintiff, but did show the presence of such negligence.

In this case, as in many others of a similar character, the appellate tribunal is powerless. There is some evidence of care on the part of the plaintiff. He testified that before going upon the track he looked to see whether there was any engine approaching, and was very particular to look and see if he saw any head-light, and that he saw no light and heard no bell. That he looked up and down both and saw no light.

That testimony was sufficient to carry the case to the jury upon that question, and if it commanded belief it manifested care. We cannot substitute our judgment for that of the jury.

We cannot, therefore, interfere with the verdict, and the judgment and order denying the motion for a new trial should be affirmed, with costs.

BARNARD, P. J., concurred.

PRATT, J. :

As plaintiff has recovered the verdict below, we must, in discussing the appeal, regard the testimony in the light most favorable to

the plaintiff.    That requires us to believe that defendant's engine was propelled through a city street two hours after sundown, in the winter, without a head-light, and without ringing a bell.    On these facts the jury had a right to find the defendant guilty of negligence.

The principal reliance of defendant on this appeal is upon the argument that plaintiff must, by the nature of the case, have been guilty of contributory negligence, that is to say, he would surely have seen or heard the engine had he exercised proper care.

The plaintiff testified that he carefully looked and listened, and did not hear or see the engine, and he is corroborated by a witness who crossed with him at the same time and place, who also looked and listened, and heard nothing.

The defendants ask to disregard this evidence on the ground that it must be false.    It is plain that the jury must have given it credit.

How far it is possible to see a moving engine in a winter night would depend something on the degree of darkness; something on the rapidity of motion; somewhat on the acutness of vision of the observer.    There being no train attached to the engine, the ordinary roar of a train would be absent.

Ordinarily, trains moving through the streets in the night-time give warning by head-light and bell, and by the reverberation produced by a heavy train of cars.    As these were wanting in the present case, and as the engines used for the rapid trains are extremely light and comparatively noiseless, the jury may have thought the plaintiff's testimony entirely credible.

It is said that, as the engineer saw the plaintiff 200 feet away, the plaintiff should have seen the engine at an equal distance.    As the plaintiff came out of a lighted cigar store, and also into the illumination caused by the gas light at the crossing, he would, doubtless, be easily visible to persons 200 feet away in the darkness.    But when his gaze was directed into the darkness, it would not follow that he could see as far.

We are not able to say the jury were in error.

The judgment should be affirmed, with costs.

Judgment and order denying new trial affirmed, with costs.